## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | : : : | |
| Plaintiff, | : : | |
| | : | **CIVIL ACTION NO.** |
| v. | : : | |
| **ISS FACILITY SERVICES, INC.,** | : : | **JURY TRIAL DEMANDED** |
| Defendant. | : : | |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Ronisha Moncrief ("Moncrief"), who was adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that Defendant ISS Facility Services, Inc. ("Defendant") discriminated against Moncrief when it denied her reasonable request for an accommodation and terminated her employment because of her disability and in retaliation for engaging in a protected activity.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporate by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, the Defendant has conducted business in the State of Georgia and has continuously maintained at least 15 employees.

5.  At all relevant times, the Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6.  At all relevant times, the Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.  More than thirty days prior to the institution of this lawsuit, Moncrief filed a Charge of Discrimination with the Commission alleging violations of the ADA by Defendant.

8.  On June 9, 2021, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA had been violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.  On June 17, 2021, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Moncrief was hired by Defendant, a provider of office maintenance and management services, as a Health Safety & Environmental Quality Manager ("HSE Manager") at the Takeda Pharmaceuticals manufacturing facility located at 505 Shire Parkway, Social Circle, Georgia, 30025, Newton County.

## DISABILITY DISCRIMINATION CLAIM

12. Since at least June 2020, Defendant has engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b).

13. Moncrief is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Moncrief has physical impairments, including chronic obstructive lung disease and hypertension, both of which substantially limit her in the operation of major bodily functions, including the functions of the pulmonary and cardiovascular systems. Moncrief's physical impairments also limit her in major life activities, that include but are not limited to, breathing, standing, walking, running, working, and bending.

14. On or about March 1, 2020, Moncrief became sick while at work with

a fever, sweats, and uncontrollable cough. Moncrief also experienced shortness of breath, lack of energy, fatigue, difficulty breathing, and extreme chest discomfort.

15. Moncrief informed her supervisor and the Facility Manager about her condition via text and email. Moncrief then took two vacation days from work to seek medical attention.

16. On or about March 4, 2020, Moncrief was diagnosed with Obstructive Lung disease. After seeking medical attention, her doctor recommended that she work from home and take frequent breaks while working. Her doctor also completed Defendant's ADA Reasonable Accommodation Request Medical Certification Form and wrote that Moncrief has limitations in major life activities interfering with her job performance, including frequent coughing episodes and shortness of breath with activity.

17. Around this same time period in March 2020, due to the COVID-19 pandemic, Defendant's staff were placed on work schedules where employees worked in the facility on a rotational basis, resulting in Moncrief and other employees having to work from home four days per week.

18. Working from home helped Moncrief in managing her condition. However, on or about June 1, 2020, Defendant required all of its staff to return back to working at the facility five days per week.

19. As a result, Moncrief requested an ADA accommodation through Human Resources to work from home two days per week with frequent breaks while working on-site. In the documentation Moncrief submitted to Defendant, it was noted that Moncrief needed the accommodation because her past and recent bouts with severe pulmonary disease made her a high-risk for contracting COVID-19. In the performance of her job duties, Moncrief had close contact with many employees and often shared a desk with co-workers.

20. On or about July 20, 2020, Moncrief's request for an accommodation was denied by Defendant.

21. Other HSE Managers were allowed to work from home.

22. On or about August 13, 2020, Moncrief's supervisor contacted Human Resources recommending that Moncrief be removed and replaced due to "performance issues."

23. Defendant terminated Moncrief's employment on or about September 11, 2020, citing performance issues.

24. At the time she was terminated, Moncrief had not been informed by management that her job performance warranted termination. In the months leading up to her termination, Moncrief helped to increase employee training facility-wide by over 15%.

25. Moncrief could perform all essential functions of her position with an accommodation.

26. The effects of the practice(s) complained of above have been to deprive Moncrief of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

27. The unlawful employment practices complained of above were intentional.

28. The unlawful employment practices complained of above were done with malice and/or with reckless indifference to Moncrief's federally protected rights.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability and which discriminates against individuals who engage in protected activity.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for all employees who engage in a protected activity and which eradicate the effects of its past and present

unlawful employment practices.

C. Order Defendant to make Moncrief whole, by providing appropriate back pay in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant to make Moncrief whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make Moncrief whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Moncrief punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint.

      Respectfully submitted,

      GWENDOLYN YOUNG REAMS
      Acting General Counsel

      LISA MORELLI
      Acting Associate General Counsel

      MARCUS G. KEEGAN
      Regional Attorney

      LAKISHA DUCKETT ZIMBABWE
      Supervisory Trial Attorney

      */s/ Veronica Rogusky*
      Veronica Rogusky
      Trial Attorney
      Georgia Bar No. 712154
      U.S. Equal Employment Opportunity Commission
      Atlanta District Office
      100 Alabama St., SW, Suite 4R30
      Atlanta, GA 30303
      veronica.rogusky@eeoc.gov
      404-219-6324 (mobile)
      470-531-4837 (office)