## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION NO.** |
| v. | : | |
| | : | **1:21-cv-03708-SCJ-RDC** |
| **ISS FACILITY SERVICES, INC.,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant ISS Facility Services, Inc., ("ISS" or "Defendant") and files this Answer to the Complaint of Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or "EEOC"). The headings in Plaintiff's Complaint are included for the convenience of the Court without any intended admission as to the accuracy of their characterizations of facts.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable

estoppel.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot demonstrate causation and because the terms and conditions of Ronishia Moncrief's employment relationship with Defendant were based on reasonable, non-discriminatory factors.

## FIFTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff or Ms. Moncrief failed to exhaust their administrative remedies.

## SIXTH DEFENSE

Plaintiff's claims are barred to the extent that it did not satisfy all conditions precedent prior to filing the instant Complaint against Defendant.

## SEVENTH DEFENSE

Plaintiff's claims are barred because Defendant's treatment of Ms. Moncrief was at all times based on factors other than her alleged disability.

## EIGHTH DEFENSE

Plaintiff's claims are barred to the extent they are based on, or arise from, events alleged to have occurred outside the statutory time period for filing an administrative charge of discrimination with the EEOC.

## NINTH DEFENSE

Plaintiff's claims for monetary relief on behalf of Ms. Moncrief are barred because Ms. Moncrief was not harmed in the manner or to the extent alleged.

## TENTH DEFENSE

Plaintiff's claims for monetary relief on behalf of Ms. Moncrief are barred, in whole or in part, by Ms. Moncrief's failure to mitigate her alleged damages.

## ELEVENTH DEFENSE

Plaintiff is not entitled to punitive damages because Defendant did not act with malice towards Ms. Moncrief or with reckless indifference to her rights, and at all times, made good faith efforts to prevent discrimination in the workplace, and to provide reasonable accommodations to qualified individuals with a disability.

## TWELFTH DEFENSE

Plaintiff's claims are barred because Ms. Moncrief was unable to perform the essential functions of her position, with or without a reasonable accommodation.

## THIRTEENTH DEFENSE

To the extent that an unlawful employment action occurred (an allegation which Defendant denies), the same action would have been taken against Ms. Moncrief in the absence of any unlawful motivating factor.

## FOURTEENTH DEFENSE

Plaintiff lacks standing to pursue its claim because of its failure to conciliate prior to filing this lawsuit.

## FIFTEENTH DEFENSE

In the event that the EEOC prevails on its disability discrimination claims under the ADA on behalf of Ms. Moncrief, any compensatory and punitive damages awarded must be limited by the damages' cap contained in 42 U.S.C. § 1981a.

## SIXTEENTH DEFENSE

Plaintiff's claims for monetary relief on behalf of Ms. Moncrief are barred by the after-acquired evidence doctrine and judicial estoppel.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred because Ms. Moncrief: (1) does not have a "disability" as that term is defined by the ADA, (2) does not have a record of a "disability" as that term is defined by the ADA; and (3) was not perceived as being

disabled by Defendant.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred because Defendant had legitimate, non-discriminatory business reasons for its treatment of Ms. Moncrief and because Plaintiff cannot demonstrate pretext.

## NINETEENTHDEFENSE

Plaintiff's claims are barred because Ms. Moncrief is not a "qualified individual with a disability" as that term is defined by the ADA.

## TWENTIETH DEFENSE

Plaintiff's claims are barred because Plaintiff was provided with a reasonable accommodation for her purported disability.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred because the criteria upon which Defendant based its employment decisions regarding Ms. Moncrief were job-related and consistent with business necessity.

## TWENTY-SECOND DEFENSE

Defendant did not have a duty to accommodate Plaintiff to the extent any accommodation requested by Ms. Moncrief constituted an undue hardship.

## TWENTY-THIRD DEFENSE

Any allegations or prayers for relief set forth in Plaintiff's Complaint that are not expressly admitted, denied, or otherwise responded to are hereby denied.

## TWENTY-FOURTH DEFENSE

Defendant reserves the right to amend or assert additional affirmative defenses as facts are developed in the course of additional investigation and discovery.

## RESPONSE TO THE COMPLAINT'S ENUMERATED ALLEGATIONS

The first unnumbered paragraph of Plaintiff's Complaint does not contain allegations of fact to which a response is required.  To the extent that the Court construes this paragraph to contain allegations to which a response is required, Defendant denies the allegations.   Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

## JURISDICTION AND VENUE

1.      Defendant admits that jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1343, and 1345, 42 U.S.C. § 2000e-5(f), and 42 U.S.C. § 1981a, but Defendant denies that it discriminated against Ms. Moncrief in any manner or that Ms. Moncrief and/or Plaintiff are entitled to any relief whatsoever. Defendant denies the remaining allegations in Paragraph 1 of the Complaint.

2.     Defendant admits that venue is proper in this Court. Defendant denies that any unlawful employment actions were taken against Ms. Moncrief and denies the remaining allegations in Paragraph 2 of the Complaint.

## PARTIES

3.     Defendant admits that Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA").  Defendant also admits that Plaintiff is authorized to bring this action under 42 U.S.C. §§ 12117(a) and 2000e-5(f)(1) and (3), but Defendant denies that it discriminated against Ms. Moncrief in any manner or that Ms. Moncrief and/or Plaintiff are entitled to any relief whatsoever.

4.     Defendant admits the allegations in Paragraph 4 of the Complaint.

5.     Defendant admits that it is an "employer" as that term is defined under the ADA.

6.     Defendant admits that it is a "covered entity" as that term is defined under the ADA.

## ADMINISTRATIVE PROCEDURES

7.     Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8.     Defendant admits that the EEOC's June 9, 2021 Letter of Determination speaks for itself. Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.     Defendant admits that the EEOC's June 17, 2021 Notice of Failure of Conciliation speaks for itself.   Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.     Defendant denies the allegations contained in Paragraph 10 of the Complaint.

## STATEMENT OF CLAIMS

11.     Defendant admits the allegations contained in Paragraph 11 of the Complaint.

## DISABILITY DISCRIMINATION CLAIM

12.     Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant admits only that, on Monday, March 2, 2020, Ms.

Moncrief sent a text message to her manager informing him that she would not be reporting to work because she had a cough. Defendant also admits that Ms. Moncrief took one day of Paid Time Off ("PTO") on March 4, 2020. Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint.

16.    With respect to the allegations in the first sentence of Paragraph 16 of the Complaint, Defendant admits that, in late June 2020, Ms. Moncrief produced documentation from her health care provider dated March 4, 2020 which indicates that she was seen on that day for an annual exam and that she was diagnosed with bronchitis on that day. Defendant denies the remaining allegations contained in the first sentence of Paragraph 16 of the Complaint. With respect to the allegations in the second sentence of Paragraph 16 of the Complaint, Defendant admits that Ms. Moncrief's healthcare provider recommended that Ms. Moncrief be allowed to take frequent breaks in order to perform the essential job function of performing safety walk throughs at ISS's client's manufacturing facility where Ms. Moncrief worked as a safety manager. Defendant denies the remaining allegations contained in the second sentence of Paragraph 16 of the Complaint. With respect to the allegations in the third sentence of Paragraph 16 of the Complaint, Defendant admits that, in late June 2020, Ms. Moncrief's healthcare provider completed a medical certification for Ms. Moncrief and that the certification indicated that Ms. Moncrief

had a temporary impairment which did not affect a major life activity.  Defendant denies the remaining allegations contained in the third sentence of Paragraph 16 of the Complaint.

17.    Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18.    Defendant denies the allegations in the first sentence of Paragraph 18 of the Complaint.  With respect to the allegations in the second sentence of Paragraph 18 of the Complaint, Defendant admits that all of its staff and managers assigned to ISS's client's manufacturing facility in Covington, Georgia were required to resume reporting to the facility Monday through Friday, effective June 1, 2020.  Defendant denies the remaining allegations in the second sentence of Paragraph 18 of the Complaint

19.    With respect to the allegations in the first sentence of Paragraph 19 of the Complaint, Defendant admits that Ms. Moncrief requested frequent breaks while at work and that she requested, to the extent that it did not affect business operations at ISS's client's manufacturing facility, to work from home two days per week "until a vaccine for COVID-19 is found." Defendant also admits that Ms. Moncrief maintained that these accommodations were needed due to her self-

described "bronchial issues."  Defendant denies the allegations in the second and third sentences of Paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint inasmuch as Defendant granted Ms. Moncrief's request to take frequent rest breaks during the workday which would allow her to perform the essential job function of performing safety walk throughs at ISS's client's manufacturing facility.  Defendant admits that it denied Ms. Moncrief's request to work remotely from home two days per week but denies that this accommodation was reasonable or that it was recommended by her healthcare provider.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant admits that Ms. Moncrief's manager concluded that Ms. Moncrief's employment should be terminated based on her poor job performance and that, on August 13, 2020, he recommended to Defendant's Human Resources Manager that Defendant terminate Ms. Moncrief's employment and replace her at ISS's client's manufacturing facility. Defendant denies that it hired a replacement for Ms. Moncrief at ISS's client's manufacturing facility.

23.     Defendant admits that it terminated Ms. Moncrief's employment on September 11, 2020 based on her poor job performance.

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

Defendant denies the allegations contained in the *ad damnum* paragraph of the Complaint, which begins with "WHEREFORE" and include subparagraphs A through H immediately following Paragraph 28 of the Complaint, and further denies that Plaintiff or Ms. Moncrief is entitled to the relief sought in the Complaint or any relief whatsoever in this action.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully requests that the Court dismiss the Complaint, enter judgment in favor of Defendant, tax all costs against Plaintiff and grant such other and further relief as the Court deems appropriate.

Respectfully submitted this 22nd day of November, 2021.

LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/  *Toni J. Read*
Toni J. Read
Georgia Bar No. 140982
John S. Snelling
Georgia Bar No. 665759
600 Peachtree Street, N.E., Suite 4700
Atlanta, GA  30308
(404) 567-6589 (telephone)
(404) 467-8845 (facsimile)
    Email: toni.read@lewisbrisbois.com
        john.snelling@lewisbrisbois.com

**Attorneys for Defendant**
**ISS Facility Services, Inc.**

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that Defendant's Answer complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia.  Counsel hereby states that Defendant's Answer has been typed in Times New Roman 14 count.

*/s/  Toni J. Read*