IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br>v.<br><br>ISS FACILITY SERVICES, INC.,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:21-cv-03708-SCJ-RDC |

## **ORDER**

Before the Court is the parties' Consent Protective Order, (Doc. 17), which the Court construes as a motion seeking approval of the proposed Protective Order. Upon due consideration and for good cause shown, the Motion is **GRANTED IN PART**, and the terms of the parties' proposed Protective Order are **ADOPTED IN PART** and **AMENDED IN PART**. Specifically, the Court amends the proposed Protective Order regarding the procedure for filing matters under seal to include the following:[1]

> As a general matter, this Court will seal only those items enumerated in the Court's Standing Order 04-02 regarding sensitive information and public access to electronic case files. If a party has very good cause to request sealing of material marked or identified as

---

[1] The additional instructions may be duplicative of the procedure set out in the proposed Protective Order; however, such instructions are designed to ensure conformity with the standing requirements of the presiding District Judge.

"CONFIDENTIAL," said party, after notification to the opposing party, may file a motion to seal in accordance with the Court's Procedures for Electronic Filing Documents Under Seal, located in Section II(J) of Appendix H to the Local Rules of the Northern District of Georgia. After entry on the docket, the Court will review the material in camera and decide whether to grant or deny the motion to seal. As further clarification, the Court notes that a mere reference or discussion of confidential information does not warrant the entire document and all attachments to be filed under seal. Instead, the Court will seal (or allow parties to file in a redacted format) only very specific portions of documents that contain or refer to confidential information.

To the extent a provision in the proposed Protective Order conflicts with the Local Rules, the Federal Rules of Civil Procedure, or other binding law, that provision will be held unenforceable. The Court also retains the discretion to modify its terms at any time in this action. *See F.T.C. v. AbbVie Products LLC*, 713 F.3d 54, 61 (11th Cir. 2013).

IT IS SO **ORDERED** on this 10th day of February 2022.

_____
REGINA D. CANNON
United States Magistrate Judge