UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:21-cv-03708-SCJ-RDC |
| ISS FACILITY SERVICES, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") initiated this action pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, (the "ADA"). The Commission's Complaint alleges that Defendant ISS Facility Services, Inc. ("Defendant" or "ISS" or "Company") discriminated against Charging Party Ronishia Moncrief ("Moncrief") when it denied her request for a reasonable accommodation and terminated her employment because of her disability and in retaliation for engaging in a protected activity.  ISS denies the allegations contained in the Complaint and denies that it violated the ADA.

The Commission and Defendant (collectively, the "Parties") hereby stipulate

to jurisdiction of the Court over the Parties and agree that the subject matter of this action is properly before the Court. The Parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the Parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the Parties as provided in paragraphs 1 through 14 below.

It is therefore **ORDERED, ADJUDGED, AND DECREED** as follows:

1.      Defendant shall not discriminate against any person based on a disability or perceived disability or retaliate against any person who requests a reasonable accommodation for a disability or who engages in any other activity protected by the ADA.

2.      Defendant shall pay Moncrief a total settlement of $47,500.00, which includes:

(a)      Payment via check in the gross amount of $16,000.00. This monetary amount shall be subject to all applicable federal, state, and local taxes, in addition to

other payroll tax withholding deductions, and the Defendant shall issue an IRS Form W-2 to Moncrief for this amount.

(b)   Payment via check in the amount of $31,500.00, which will be designated as compensatory damages. This amount shall not be subject to withholding deductions, and the Defendant shall issue an IRS Form 1099 to Moncrief for this amount.

(c)   Within fifteen (15) days of the effective date of this Decree, Defendant shall send the settlement checks to Moncrief via overnight delivery at an address to be provided in writing to Defendant by the EEOC.  Defendant shall send to the Commission a copy of the check and the tracking number of the envelope containing the settlement checks to Moncrief.

(d)   Neither the Commission nor Defendant make any representation about, or assume any responsibility for, any tax liability, assessments, interest, penalties and/or costs that Moncrief may or may not incur on such payments under local, state, and/or federal law.

3.   Defendant shall provide Moncrief with a neutral letter of reference using the form attached hereto as Exhibit A. Within fifteen (15) business days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Moncrief at an address provided by the Commission. Moncrief

3

is free to disseminate the letter to potential employers. Defendant shall maintain a copy of the neutral letter in Moncrief's personnel file and agrees that if it receives any inquiry about Moncrief's employment, it will send a copy of the letter to the individual making the inquiry.

4.      Defendant revised its policies to create an ADA Compliance Policy (the "Policy") consistent with this Consent Decree. A copy of the Policy is attached hereto as Exhibit B. Copies of the Policy will be made available to all of Defendant's employees within forty-five (45) calendar days of the Court's entry of this Consent Decree via the Company's intranet. Within sixty (60) calendar days of the entry of this Consent Decree by the Court, all Company employees will be notified of the new Policy and where they can locate it on the Company's intranet. New employees will receive a copy of the Policy on or before their first day of work, or within a reasonable period consistent with the Company's standard onboarding process. A copy of the Policy shall be included in the Company's employee handbook. Within sixty (60) calendar days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission. Defendant shall maintain the Policy throughout the term of this Consent Decree.

5.      Defendant shall: (1) upload a copy of the Employee Notice attached hereto as Exhibit C (the "Notice") on the Company's intranet and will include an

4

announcement and link to the Notice on People & Culture's home page; and (2) post

a hard copy of the Notice in a location visible to all employees at Defendant's three

(3) business hubs located at: (1) 200 Jefferson Park, Whippany, New Jersey 07981;

(2) 2000 Alameda de Las Pulgas, Suite 260, San Mateo, California 94403; and (3)

1017 Central Pkwy N, Suite 100, San Antonio, Texas 78232 (collectively,

Defendant's "Business Hubs").  If the policy becomes defaced or unreadable,

Defendant shall replace it by posting another copy of the policy. Within forty-five

(45) calendar days after the Consent Decree is entered, Defendant will post the

Notice as described herein.  Within sixty (60) calendar days of the entry of this

Consent Decree by the Court, Defendant shall report compliance with this provision

to the Commission and will provide a screenshot of the Notice and the manner in

which it is posted, as described herein.

6.      During the term of this Consent Decree, Defendant shall provide an

annual, mandatory virtual training program to all human resources personnel

throughout the Company, as well as all managers and supervisors working on the

same client account on which Moncrief previously worked. Each training program

shall include, at minimum: (a) an explanation of the Policy referenced in paragraph

4 above; (b) a description of the types of conduct or policies that constitute

discrimination based on disability or perceived disability and the laws protecting

employees from it; (c) an explanation of employees' right to exercise their federally protected rights to complain about discrimination or to participate in the investigation of a complaint of discrimination without fear of retaliation; (d) an explanation of who is a qualified individual with a disability and who is an individual who could be perceived to be a person with a disability; (e) an explanation of the interactive process; and (f) an explanation of what reasonable accommodations are.

The first virtual training program shall be completed within one hundred and twenty (120) days after entry of this Consent Decree by the Court, and the second training program shall be completed one (1) year later. Within twenty (20) business days after completion of each training program, Defendant shall provide the Commission with a list of all individuals who completed the training and certify to the Commission that Defendant has conducted the annual training described above.

The above-described training module shall be incorporated into Defendant's on-boarding procedures for all newly hired human resources personnel throughout the Company, as well as all newly hired managers and supervisors working on the same client account on which Moncrief previously worked, within the first ninety (90) days of employment.

7.      Within six months after the entry of this Consent Decree by the Court, and at six-month intervals thereafter during the term of this Consent Decree,

Defendant shall provide the Commission with the identity of any employee who submitted a request for an accommodation to Human Resources, the date of the request, the type of accommodation requested by the employee, the date of the Company's decision concerning the accommodation request, and if the accommodation was not granted, the reason why it could not be granted. In the event that no employee made a request for accommodation to Human Resources during the relevant period, Defendant shall send the Commission an email to this effect.

8.     All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Courtney Hasselberg at courtney.hasselberg@us.issworld.com and Meghan DeBard at meghan.debard@us.issworld.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide contact information for a new designated point of contact within ten (10) business days of the change.

9.     All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) by regular mail to:

Marcus G. Keegan
Regional Attorney
Equal Employment Opportunity Commission

Sam Nunn Atlanta Federal Center
100 Alabama Street, SW
Suite 4R30
Atlanta, Georgia 30303

10.    The Commission may review compliance with this Consent Decree. As part of such review, the Commission may, with reasonable prior notice, inspect Defendant's Business Hubs and Company intranet, for compliance and examine and request copies of documents relevant to Defendant's compliance under this Consent Decree.

11.    If at any time during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have twenty (20) business days in which to investigate and respond to the allegations. Thereafter, the Parties shall then have a period of ten (10) business days or such additional period as may be agreed upon by the Parties, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

12.    This Consent Decree shall be in effect for a period of two (2) years from its entry by the Court.

13.     This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Consent Decree and entry of such further orders as may be necessary or appropriate.

14.     Each party shall bear its own costs and attorney's fees.

_December 19, 2022_     _Steve C. Jones_
Date     Judge, U.S. District Court
              Northern District of Georgia

The Parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | 100 Alabama Street, S.W., Suite 4R30 Atlanta, Georgia 30303 E: veronica.rogusky.cox@eeoc.gov |
| GWENDOLYN YOUNG REAMS Acting General Counsel | T: (470) 531-4837 *Counsel for Plaintiff* |
| CHRISTOPHER LAGE Deputy General Counsel | |
| MARCUS KEEGAN Regional Attorney | ISS FACILITY SERVICES, INC. |
| LAKISHA DUCKETT ZIMBABWE Assistant Regional Attorney | |
| /s/ *Veronica R. Cox* Veronica R. Cox Trial Attorney Georgia Bar No. 712154 Equal Employment Opportunity Commission Atlanta District Office | /s/ *Toni J. Read (w.e.p. by VRC)* Toni J. Read Georgia Bar No. 140982 John S. Snelling Georgia Bar No. 665759 LEWIS BRISBOIS BISGAARD & SMITH LLP 600 Peachtree Street, NE, Suite 4700 |

Atlanta, GA 30308
(404) 567-6589
toni.read@lewisbrisbois.com
john.snelling@lewisbrisbois.com
*Counsel for Defendant*

11